# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CORA NESBIT,

    Plaintiff,

v.

Case No. 6:21-cv-389-JA-LRH

MECIT ZIYA DAYI, UZ AUTO TRANS, LLC, DAIMLER TRUCKS NORTH AMERICA, LLC, DETROIT DIESEL CORPORATION and CONTINENTAL MOTORS CORPORATION,

    Defendants.

## ORDER

Plaintiff Cora Nesbit, as personal representative of the estate of decedent Michael Burns, originally filed this action in state court against Defendants Mecit Ziya Dayi and UZ Auto Trans, LLC. (Compl., Doc. 1-1). After Dayi and UZ Auto removed the Case to this Court, (Notice, Doc. 1), Nesbit amended her complaint to add claims against Defendants Daimler Trucks North America, LLC; Detroit Diesel Corporation; and Continental Motors Corporation, (Third Am. Compl., Doc. 32). In identical motions, Daimler and Detroit Diesel now argue that Nesbit's Third Amended Complaint is an impermissible shotgun pleading. (Docs. 36 & 37). They move to dismiss the claims brought against

them or, alternatively, for a more definite statement of those claims. (Id.). Because the Court concludes that the Third Amended Complaint is not a shotgun pleading, the motions will be denied.

## I. Background[1]

Around 1:50 a.m. on June 18, 2020, Nesbit's son, Michael Burns, was driving on Interstate 95 when his vehicle suffered a flat tire. (Doc. 32 at 7). To alert other traffic to his vehicle's disablement, Burns turned on his blinking hazard lights. (Id.). Dayi, who was driving a tractor-trailer on Interstate 95 that night, did not see the lights and crashed into the rear of Burns's vehicle at 70 mph. (Id.). According to Nesbit, Dayi was distracted by a cellular device or tablet at the time of the crash, did not brake before crashing into Burns's vehicle, was veering and not staying in his traffic lane, and could have seen the blinking hazard lights from approximately one minute prior to impact and over a mile a mile away. (Id.). Burns died as a result of the accident. (Id.).

At the time of the accident, Dayi's tractor-trailer was equipped with Detroit Assurance 4.0 radar and camera collision mitigation systems. (Id.). As designed, the systems included automatic emergency braking, front collision warning, side collision warning, obstacle aware acceleration, blind spot

---

[1] At this stage of the case, the facts from Nesbit's Third Amended Complaint (Doc. 32) are taken as true and construed in the light most favorable to Nesbit. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

2

monitoring, lane departure avoidance, and emergency lane departure avoidance. (Id. at 8). However, the "systems and their components [allegedly] malfunctioned, failed to detect [Burns's] vehicle, failed to brake or avoid the collision, and failed to issue any warnings to Dayi," contributing to the crash and Burns's death. (Id.).

Nesbit filed suit on behalf of Burns's estate. In her Third Amended Complaint, she pleads claims for negligence against Dayi and UZ Auto, the lessee of the tractor trailer (Counts I & II); negligent entrustment, strict liability, and vicarious liability against UZ Auto (Counts III, IV, & V); and strict liability and negligence against Daimler (Counts VI & VII), Detroit Diesel (Counts VIII & IX), and Continental (Counts X & XI). (Id. at 9–22). As to Daimler, Detroit Diesel, and Continental, Nesbit pleads identical claims that these defendants "designed, manufactured, produced, distributed[,] and sold the Detroit Assurance 4.0 radar/camera systems that were installed on the tractor driven by Dayi." (Id. at 15, 16, 17, 18, 20, 21). In all three strict liability claims, she asserts that the "systems are defective in their design, manufacture[,] and warnings." (Id. at 15, 18, 20). In all three negligence claims, she alleges that these defendants "owed a duty to properly design, manufacture, produce, and distribute the Detroit Assurance 4.0 radar/camera systems that were used on the tractor driven by Dayi, so that they were not in a defective and unsafe condition." (Id. at 16–17, 19, 21). She further states that they "owed a duty to

3

assure the quality of the Detroit Assurance 4.0 radar/camera systems that were used on the tractor driven by Dayi before placing these items into the stream of commerce." (Id. at 17, 19, 21).

## II. Legal Standard

"Generally, federal civil complaints need only state 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" United States *ex rel.* Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1308 (11th Cir. 2002) (quoting Fed. R. Civ. P. 8(a)(2)). Federal Rule of Civil Procedure 10(b) further requires:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6)[2] or for a more definite

---

[2] Rule 12(b)(6) provides that, prior to answering a complaint, a defendant may move the district court to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

4

statement pursuant to Rule 12(e)[3] on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126–27 (11th Cir. 2014).

The Eleventh Circuit in Weiland outlined four rough types of shotgun pleadings: 1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; 2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; 3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and 4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." 792 F.3d at 1321–23. All four types of shotgun complaints "fail . . . to give the defendants adequate notice of the claims against them and the ground upon which each claim rests." Id. at 1323.

---

[3] Rule 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

## III. Discussion

The pending motions in this case raise a single, narrow argument. Based on the identical language of the claims brought against these three defendants, Daimler and Detroit Diesel contend that the Third Amended Complaint is an impermissible shotgun pleading. (Doc. 36 at 7–8). They assert that this pleading style essentially lumps the defendants together in a manner that does not allow them to determine for which acts or omissions Nesbit seeks to hold each of them liable. (Id. at 7). Daimler and Detroit Diesel thus argue that Nesbit's Third Amended Complaint falls within the fourth category of shotgun pleadings. The Court disagrees.

These defendants are being sued for the same alleged wrong—causing defective Detroit Diesel 4.0 radar and camera systems to enter the stream of commerce, resulting in Burns's death. Nesbit does not go to great lengths to differentiate the conduct of the defendants because she claims they did the same thing. This is not like the typical complaint falling within the fourth category of shotgun pleadings—the counts do not include various defendants engaged in a wide variety of conduct such that liability could be based on a range of legal theories. See Weiland, 792 F.3d at 1323 n.14 (collecting cases).[4]

---

[4] The Court also concludes that the Complaint does not fall within any of the other categories of shotgun pleadings.

And notably, Daimler and Detroit Diesel do not otherwise argue that the Third Amended Complaint fails to state a claim. For example, they do not list the elements of the claims and assert that Nesbit has insufficiently pleaded specific elements such that the claims should be dismissed or more specifically pleaded based on those grounds. They solely contend that the identical language in the claims against them makes it unclear which acts or omissions are being attributed to each of them.

Accordingly, the Court will not dismiss the complaint or require Nesbit to plead a more definite statement of her claims.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** that Defendant Daimler Trucks North America, LLC's Motion to Dismiss or Alternative Motion for More Definite Statement (Doc. 36) and Defendant Detroit Diesel Corporation's Motion to Dismiss or Alternative Motion for More Definite Statement (Doc. 37) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on July 27, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties