UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:21-CV-389-JA-LRH

CORA NESBIT, AS
PERSONAL REPRESENTATIVE
OF THE ESTATE OF MICHAEL BURNS,

  Plaintiff,

vs.

MECIT ZIYA DAYI,
UZ AUTO TRANS, LLC,
DAIMLER TRUCKS NORTH AMERICA, LLC,
AND DETROIT DIESEL CORPORATION,

  Defendants.

_____ /

## MOTION FOR SANCTIONS

  Plaintiff CORA NESBIT, by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 37(b)(2) and this Court's Order [Doc. #55] files this Motion for Sanctions and moves this Court for an order striking Defendants, MECIT ZIYA DAYI and UZ AUTO TRANS, LLC's ("Defendants") affirmative defenses and prohibiting Defendants from introducing evidence in support of those defenses. Specifically, Plaintiff states as follows:

  Plaintiff asks the Court to sanction Defendants for abusing and impeding the discovery process. On October 7, 2021, this Court ordered Defendants to produce

1

all documents in their possession, custody or control responsive to Plaintiff's First Request to Produce and to serve complete, sworn answers to Plaintiff's First Set of Interrogatories [Doc. #55]. On October 20, 2021 *one* Defendant, Mecit Dayi, provided minimal supplemental responses, which included only two pages of phone records along with unsworn interrogatory answers.[1] Co-Defendant UZ Auto Trans, LLC completely failed to respond, despite this Court's Order.

This is a tragic case involving the death of Michael Burns, a twenty-three year old who was run over by a tractor trailer. Notably, the Defendants removed this action to the instant Court, but apparently do not wish to participate in discovery. Plaintiff has been trying to move forward with litigating this case for months. Plaintiff has pled claims under various legal theories including for punitive damages, and Defendants' continued and willful failures to respond to discovery have severely prejudiced Plaintiff's ability to establish her burden of proof and prepare for trial. As one example of many, Plaintiff cannot move forward with depositions of critical witnesses due to incomplete or missing discovery.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that a court may sanction a party for not obeying a discovery order, including by striking pleadings in whole or in part and prohibiting the disobedient party from supporting

---

[1] A copy of Mecit Dayi's supplemental responses are attached hereto as Exhibit "A".

or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii)-(iii) Moreover, the Middle District of Florida's Civil Discovery Handbook states in section I.E.3, in pertinent part:

> SANCTIONS. Rule 37 is enforced in this district. Further, if a Court order is obtained compelling discovery, *unexcused failure to comply with such an order is treated by the Court with special gravity and disfavor.*

The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of discovery rules by others, and to punish parties for discovery violations. *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 643 (1976). *Gratton v. Great American Communications*, 178 F. 3d 1373, 1374 (11th Cir. 1999) ("Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process").

Accordingly, Plaintiff requests Defendants' First, Second, Third and Fourth Affirmative Defenses [Doc. #41] be stricken, and for other further relief as this Court deems just and proper.

**Certification of Compliance**

Pursuant to M.D. Fla. Local Rule 3.01(g), the undersigned certifies that on October 28, 2021 counsel for Plaintiff, Lawrence Gonzalez, Esq., telephonically conferred with counsel for Defendants, John M. Howell, Esq., who does not consent to the relief requested herein.

*/s/Lawrence Gonzalez II*
**Lawrence Gonzalez II, Esquire**
FBN 0107175
**Morgan & Morgan, P.A.**
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 418-2076
Facsimile:   (407) 572-0110
Primary email:
LGonzalez@forthepeople.com
Secondary email:
SSerrano@forthepeople.com
TSugrim@forthepeople.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 28, 2021**, that a true and correct copy of the foregoing has been filed using CM/ECF to:  John Moffitt Howell, Esquire, Miriam V. Sumpter-Richard, Esquire, Fernandez Trial Lawyers, P.A., 8780-200 Perimeter Park Court, Jacksonville, FL 32216 [Pleadings@Fernandeztl.com; JHowell@Fernandeztl.com; MSumpter-Richard@Fernandeztl.com; KLang-Thorbs@Fernandeztl.com] Attorneys for Mecit Z. Dayi and UZ Auto Trans LLC; Robert M. Fulton, Esquire, Nicole Walsh, Esquire, Hill Ward Henderson, 3700 Bank of America Plaza, 101 East Kennedy Boulevard, Tampa, FL 33602 [Bob.fulton@hwhlaw.com; Nicole.walsh@hwhlaw.com; Susan.phillipp@hwhlaw.com; Anna.mukhova@hwhlaw.com] Attorneys for Defendants Daimler Trucks North America, LLC & Detroit Diesel Corporation.

4

/s/Lawrence Gonzalez II
**Lawrence Gonzalez II, Esquire**
FBN 0107175
**Morgan & Morgan, P.A.**
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 418-2076
Facsimile:   (407) 572-0110
Primary email:
LGonzalez@forthepeople.com
Secondary email:
SSerrano@forthepeople.com
TSugrim@forthepeople.com

5