# EXHIBIT 'A'

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CORA NESBIT, AS PERSONAL      CASE NO: 6:21-cv-389-JA-LRH
REPRESENTATIVE OF THE
ESTATE OF MICHAEL A.
BURNS,

         Plaintiff,

vs.

MECIT Z. DAYI AND UZ
AUTO TRANS LLC,

         Defendants.

_____ /

## PLAINTIFF'S REQUEST TO PRODUCE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the undersigned

counsel hereby requests that the Defendant, **MECIT Z. DAYI**, produce and permit

the inspection, copying, testing, sampling, measuring, surveying, photographing or

otherwise examining the following:

## INSTRUCTIONS AND DEFINITIONS

A.     As used herein, the term "relating to" includes relating in any way or
pertaining to, referring to or having as its subject matter, directly or
indirectly, expressly or impliedly, the subject matter of the specified request.

B.     The term "including" shall mean including, but not limited to, and shall be
interpreted as broadly as possible. Any specifically listed items to be

1

included in the request shall not be an exclusive list and shall not be interpreted to limit the breadth of the request.

C.      "Identify" or "describe" or "description":
    a)  when used in referring to a person, means to state his or her full name, present and last known residence and business addresses, all known telephone numbers, cellular phone numbers, and email addresses, employer, and title or position;
    b)  when used in referring to an entity means to state its official name, its organizational form, and all known addresses;
    c)  when used in referring to a document, means to describe the type and nature of the document, the date, title, its present location, the name and address of its custodian, the substance of its contents (except that in lieu of stating the substance of the contents of any document, you may attach a complete copy of the document to your answers to these interrogatories), the label name or description of each file where the original or a copy of the document is kept or located, and any file number or numbers used in connection with it; author, addressee(s),
    d)  when used in referring to a discussion or communication, means to state the medium of the discussion or communication (e.g., telephone conversation, letter, telegram, telecopy, written memorandum, face-to-face communication, etc.,), the date of the discussion or communication, or the dates on which the communication was sent and received if the dates are not the same, the substance of the discussion or communication, the identity of each individual involved or participating in the discussion or communication, the identity of the person who initiated the discussion or communication, the identity of all persons present and/or witnesses to said discussion or communication, the identity of any documents embodying or summarizing the communication or in any way related to it, and the identity of the custodian of each such document regarding the communication;
    e)  when used in referring to an event, means to describe in detail all actions or conduct and all communications and discussions comprising the event, including a statement of what occurred, the date or dates on which the occurrence took place, the identity of all persons and individuals who participated, the identity of all persons and individuals who witnessed or were present, but not participating, and a description of all documents relating to the event, including particularly, documents summarizing, describing or characterizing the

event.

D.    The terms "documents" and "records" as used herein shall mean any and every written, printed, typed, electronic or other media of any kind or nature relating to the subject matter of the interrogatory; and shall include all computerized information, any and all e-mails, all copies of documents by whatever means made, all papers, letters, correspondence, faxes, spreadsheets, telegrams, statements, affidavits, inter-office communications, memoranda, stenographic or handwritten notes, notations, notebooks, reports, checks, canceled checks, bank statements, receipts, invoices, bills of lading, log books, toll receipts, delivery receipts, fuel receipts, D.O.T. citations, weigh station receipts, calendars, schedules, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, films, videos, audio recordings, maps, surveys, minutes, telexes, contracts, memoranda of agreement, diaries, graphs, charts, income tax forms, other forms, microfilms, microfiche, computations, data processing cards, computer tapes and printouts, and any other form of electronic media, and things similar to any of the foregoing; and every copy of such document whenever the original is not in your possession, custody or control.  The term includes any markings, comments or notations of any character not a part original document or photographic reproduction thereof, such as initials, stamps, date stamps, edits, post-it notes, high-lighting, etc.  Any such markings on the front, back or margins shall not be redacted and shall be part of the legible copies produced.  Any markings are to be identified or produced and, if necessary, identified as a separate document.

E.    As used herein, the "date" shall mean the exact day, month and year, as ascertainable, or, if not, the best approximation (including relationship to other events).

F.    The terms "incident", "crash" or "accident" means the crash that gives rise to this suit, which occurred on or about June 18, 2020, on Interstate 95, in Volusia County, Florida.

G.    The term "truck" refers to the 2018 Cascadia Freight with VIN# 3AKJHHDR7JSJR1028 and Trailer bearing VIN# 3H3V532C4GT674104 (jointly "Truck") involved in this incident.

H.   As used herein, the "relevant time period" means from 365 days before the Crash through 120 days after the Crash.  Unless a different time frame is specified, respond to each request for the relevant time period.

I.   The term "government agency" shall mean any and all federal, state or municipal agency, bureau, department, administration, etc. including any state or federal department of transportation, any investigating officer, the Federal Highway Safety Administration, the Federal Motor Carrier Safety Administration, the Environmental Protection Agency, and any law enforcement agency.

J.   The term "electronic device" shall mean any and all electronic technology, software, devices or systems in or on the tractor, trailer(s) or cargo including: communication devices (e.g. cellular telephones, satellite telephones, all Bluetooth devices, tablets, I pads, Kindle, Android electronics, mobile hot-spot, mobile gateway, wifi device, computers, laptops, PDA's, etc.);  G.P.S., R.F.I.D., or other tracking devices; telematics devices; route planning devices; fleet management devices; fleet tracking devices; cargo monitoring systems; safety monitoring devices (e.g. hard stops, acceleration and deceleration, collisions; lane change, drive cams, etc.); driver monitoring devices or cameras; on board systems; any onboard cameras or video devices (e.g. dash cams, go pro's, back-up cameras, etc.); audio recording devices; all in-cab display monitors; engine control modules; event data recorders; airbag control modules; brake control modules; electronic on-board recorders; any intelligent vehicle automated vehicle or connected vehicle technology; all maintenance related systems (e.g. remote diagnostic systems, fault code monitoring system, prognostic systems, etc.); any sensors that capture and transmit data; any third party electronics, devices, software or systems of any kind (e.g. VORAD, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, Cadec, Vnomics, Virtual Technician, OEM Diagnostic System, Trackpoint, Sense-Aware, Lytx, DriveCam, Rair, Omnitracs, Zonar, Guard Dog Connect, On Command Connection, Virtual Technician, etc.) or any similar system; any driver safety, compliance, or hours of service logging or monitoring systems;  any transponders or tachographs;  any bar code or toll pass systems; any entertainment or gaming systems (e.g. televisions, hand held electronic games, Playstation, Xbox, Wii, etc.);  any other tracking system, logging unit, trip monitor, trip recorder, satellite systems, cellular systems, etc., and all other third party systems, electronics or other devices not described

above that were present in or on the tractor, trailer(s) or cargo at the time of the Crash, whether factory installed, after market, mounted or removable and whether or not it was working or recording.  This would include any Apps on any electronic device in or on the tractor, trailer(s) or cargo (e.g. Transflo Mobile, BigRoad Free Truck Driver Log Book, Drivers Daily Log, Fuelbook, Drive Axle, Trucker Logbook, UShip, Dispatcher, ABF Mobile, TransFlo, CDL Warrior – Trucker Tools, Werner, Weigh My Truck, etc.).

K.   In the event that the attorney/client privilege, work product privilege, or any other claim of privilege is asserted with respect to any document that is herein requested or a notation on or related to that document, then as to each allegedly privileged document or marking, you are required to supply the following information in your response or in a separate privilege log:

1) Describe the nature of the document (e.g., letter, memorandum, notation, etc.);

2) State the date(s) listed on the document;

3) Identify the persons who sent and received the original and/or any copy(ies) of the document;

4) Identify the custodian of the document;

5) Describe the subject matter of the document;

6) State the basis for the assertion of such privilege upon which you contend you are entitled to withhold the document from production;

7) Identify the author of each such document;

8) Describe the present location of any and all printed, handwritten or electronic copies of each said document; and

9) Describe the label name or description of each file where the original or copy of the document is kept or located and any file number or numbers used in connection with it.

# REQUESTS

## BASICS

1.     A copy of the OP-1 Application for Operating Authority filed with any government agency for any company or motor carrier that you have owned in whole or in part.

2.     A copy of the MCS-150 forms filed with any government agency for any company or motor carrier that you have owned in whole or in part.

3.     Any documents relating to the agreements between and consideration for you or any company or motor carrier that you have owned in whole or in part utilizing any other Defendants' U.S. D.O.T. number or operating authority to deliver goods in interstate or intrastate commerce using commercial motor vehicles.

4.     Copies of all personal or business insurance policies that were in effect that may provide coverage for you on the date of the crash.

5.     For each person, entity, truck, trailer or other transportation equipment involved in the crash, provide a complete and certified copy of the declaration pages, policy forms, endorsements, amendments or other documents for any insurance policies that you or any other Defendant had in effect at the time of the crash, whether or not you contend the policy covers or may provide coverage for the damages sought by the First Amended Complaint, including for any automobile, business auto, commercial general liability, business liability, personal negligence liability, motor carrier, MCS-90 endorsement, umbrella, or excess coverage policies.

6.     Copies of all reservation of rights letters and/or agreements regarding any insurance coverage for the crash.

7.     Any documents showing the relationship between you and any other Defendant or any of their subsidiary, parent or other related or affiliated entities.

8.      Any documents showing how you were recruited to work or drive for any Defendant in this case.

9.      A legible color image or copy of both sides of your current license and any prior driver's licenses, including any C.D.L. or endorsements.

10.     A legible color image or copy of all documents in your possession that relate to your qualifications to operate a commercial motor vehicle at any time.

11.     A legible color image or copy of both sides of any other photo identification you have (passport, TWIC card, Employee ID, Access Card) that you used or in any way relates to your work for any Defendant in this case or your ability to drive commercial motor vehicles, in the last five years.

12.     Any drawings, diagrams and exhibits prepared by you or other Defendants, their agents, attorneys, investigators or insurance carriers.

13.     Any exhibits prepared by you or any other Defendant or their agents, attorneys, investigators or insurance carriers that you intend to use at the trial of this cause.

14.     All documents reflecting or regarding any agreement with any other person or party that would limit that party's liability to anyone for any damages sued upon in this case.

15.     All documents you received from your employers and/or motor carriers during the past five years regarding your termination, suspension or probation.

16.     A copy of all documents in your possession that relate to work you have done for any trucking company, motor carrier or other employment where you drove a commercial motor vehicle in the past seven years.  This includes any documents you prepared for any trucking company and any documents you ever received from any trucking company that are still in your possession, custody or control.

17.     All maps, diagrams or other documents that reflect or relate to the area or locations that you drove commercial motor vehicles for any Defendant in this case.

18.     The Certificate of Defendant Driver's Road Test completed by the person(s) who tested you pursuant to 49 C.F.R. Section 391.31 and Section 316.302, Florida Statutes for the job(s) you held at the time of the crash.

19.     The Certificate or Record of Road Test from a prior employer that was accepted by the person(s) who hired or qualified you pursuant to 49 C.F.R. Section 391.33 and Section 316.302, Florida Statutes for the job you held at the time of the crash.

20.     Your record of duty status or driver daily logs for one hundred eighty (180) days before the crash, the date of the crash, and thirty (30) days after the crash, including each and every version or draft of each daily log, whether or not different from the one submitted to the Carrier.

21.     All other logs or duty status records that you completed, time cards, time sheets, paystubs or other documents indicating the hours worked for any employer or government agency from ninety (90) days before the crash, the date of the crash, and thirty (30) days after the crash.

22.     Any day timer, organizer, calendar, or other document or electronic calendar that would show your business and/or personal appointments and location for the fourteen days before and the day of the crash.

23.     Your route sheet, delivery sheet, schedule, or other scheduling or trip planning documents, including any documents that show the order of deliveries, the items delivered, the time of delivery and any damage, for the seven days before and the day of the crash.

24.     Any and all forms, receipts, bills of lading, or other documents used in the transportation cycle to confirm you or the Carrier's receipt and then delivery of the goods or other items being delivered for the Carrier or any other defendant for the seven days before and the day of the crash.

25.     Any documents regarding any repairs or costs charged, or other disciplinary actions taken, against you during your employment with the Carrier, including as a result of the crash.

26.     All documents regarding any investigation or inquiry ever made, prior to the date of the crash, by or at the direction of your employer, the Carrier or any

other entity or person, concerning your driving record, safety record, criminal record, your qualifications to drive a tractor trailer or other commercial motor vehicle, or any crash or other incident.

27. All documents reflecting whether you consumed any alcoholic beverages or took any medication or drugs within 72 hours before the crash and the amount taken or consumed.

28. All documents reflecting any tests administered to determine the existence of alcohol, medication or drugs in your system after the crash and the results of such testing.

29. The complete medical records, reports, completed evaluations or forms, and all certificates of physical examination completed by any physician or other health care professional who examined you in the seven years before the crash or that evaluated your physical ability to operate a commercial motor vehicle, whether or not a D.O.T. medical certificate was issued.

30. Copies of all medical records, prescriptions or medical bills for the past seven years.

31. Copies of all blood and/or urine test results in your possession for the past seven years.

32. All data and materials you have obtained through the FMCSA's Pre-Employment Screening Program regarding your employment or driving for any motor carriers.

33. The report or forms completed by any other physician or health care professional who treated or examined you for the job you held at the time of the crash with the Carrier.

34. All documents, certificates, diplomas, training, certifications, endorsements, awards or recognition regarding your ability to drive a commercial motor vehicle, at any time.

35. Any and all FaceBook posts, instant messages, texts, tweets, snap chats, emails or other social media posts by you or on your behalf for the 72 hours before and 24 hours after the crash that relate to your location, activities,

driving of any vehicle, that reference any party to this lawsuit, or that relate to this crash.

36.    Any and all FaceBook posts, instant messages, texts, tweets, snap chats, emails or other social media posts by you that were sent while you were driving any personal vehicle or any commercial motor vehicle for the 10 days before and the day of the crash.

37.    Any and all receipts, credit card statements, debit card statements, paypal or other documents that show all purchases by you while you were on duty for any motor carrier or employer for the 90 days before, and the day of the crash, including any purchases for the truck or trailer or for any Defendant whether or not you were on duty.

38.    All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of and Defendant to or about you for the purpose of  teaching, counseling, disciplining, correcting or otherwise managing you in any way, or otherwise relating to the safe operation of a commercial motor vehicle.

39.    Copies of all documents (a) explaining how you were compensated by any employer, person or entity for the one month leading up to and including the date of the crash and extending one week after the date of the crash; (b) describing any bonus, incentive or other additional compensation available to him at the time of the Crash and (c) showing any detention of wages over the same time period.

## TRUCK, TRAILER & EQUIPMENT

40.    The complete maintenance files, records and invoices on the tractor, trailer and all other transportation equipment involved in the collision, including any inspections, repairs or maintenance, as well as daily condition reports from two years prior to the collision through the time of the return of the tractor and trailer to service following the collision.

41.    A copy of the title, registration and any other ownership documents for the tractor, trailer(s) and other transportation equipment involved in the crash.

42.  Any document that relates to the make, model, features, accessories, and year and identification number of the tractor, trailer and other transportation equipment involved in the crash.

43.  Any documents relating to all persons, corporations or entities who were registered title owners and/or had ownership interest or right to control the tractor, trailer(s) and other transportation equipment involved in the crash, or the nature of their ownership interest or right to control it.

44.  All records, receipts, advertising, promotional materials, manuals, installation records, and any other documents relating to any aftermarket improvements or alterations to the tractor or trailer(s) at any time.

45.  All records, receipts, advertising, promotional materials, manuals, options, installation records, reports from, and any other documents relating to any electronic device or communications device in or on the tractor, trailer, transportation equipment or cargo at the time of the crash.

46.  All records, receipts, advertising, promotional materials, manuals, options, installation records, reports from, and any other documents relating to any factory options or settings for OEM equipment on the tractor, trailer, transportation equipment or cargo at the time of the crash.

47.  The lease for the truck in effect as of the date of the crash.

48.  The trip lease in effect as of the date of the crash for the truck.

49.  Any and all records for the truck generated pursuant to 49 C.F.R. §396.3 during the relevant time period.

50.  Any and all records for the truck generated pursuant to 49 C.F.R. §396.9 during the relevant time period.

51.  Any and all records for the truck generated pursuant to 49 C.F.R. §396.11 during the relevant time period.

52.  The fuel tax file for any tractor, truck or commercial motor vehicle the Defendant Driver drove for the six months before and the date of the crash.

53.     All documents or manuals that relate to the Gross Vehicle Weight Rating, or the Gross Combination Weight Rating, of the tractor, trailer and/or entire vehicle combination at the time of the crash.

54.     All documents that relate to the Gross Vehicle Weight or the Gross Combination Weight of the tractor, trailer and cargo at the time of the crash.

55.     All documents reflecting the manufacturer, model and identification number for the engine in the tractor involved in the crash.

56.     All materials, manuals, technical data, cost or other documents reflecting any safety measure on the truck, trailer(s), or equipment involved in the crash, including any telematics, driver monitoring, collision avoidance, collision warning, lane deviation, tire monitoring, or any other safety measure.

## COMPANY

57.     The applications for employment submitted or completed by you for all jobs you held at the time of the crash with any employer.

58.     The contents of your entire driver investigation history file and all documents relating to any investigation or inquiry into your safety performance history pursuant to 49 C.F.R. 391.23 or otherwise.

59.     The results of any other request for information or documentation directed to previous employers by any Defendant to this case.

60.     Any written examination administered to you including your answers thereto, which was administered for the job you held at the time of the crash with the Carrier.

61.     Any employment forms submitted by you to the Carrier during the entire length of your employment for the job you held at the time of the crash with the Carrier.

62.     All forms, reviews or reports relating to you, your performance or your driving completed by the Carrier or their officers, employees or agents during the entire length of your employment, including any documents

demonstrating the annual inquiry and review of your driving record that was performed.

63. The request or check of your driving record submitted to any state or federal government agency by or on behalf of you, or any Defendant requesting a copy of your driving record.

64. Your entire driver's qualification and employment files for all employers you worked for at the time of the crash.

65. All bills of lading, shipping invoices, routing slips, routing or trip planning documents, or delivery schedules relating to your schedule, the work performed and the deliveries or trips made from six months before the crash, the date of the crash, and thirty (30) days after the crash.

66. A copy of all audits and summaries of your logs covering the period beginning one year prior to the Crash and ending 14 days following the Crash.

67. All toll, fuel or other expense receipts incurred while operating any vehicles owned, leased or controlled by your employer or any other person or entity for six months before the crash, the date of the crash, and thirty (30) days after the crash.

68. Any documents, correspondence, communications, leases, agreements or contracts between you and any other defendant, including any that allowed you to use the tractor or trailer on the date of the crash.

69. Any other documents relating to any lease agreements or contracts relating to the tractor or trailers involved in the crash.

70. Any documents or communications from any insurance company to you, your employer or any defendant relating to the crash.

71. Copies of all trip envelopes, trip reports, expense sheets or other reports or documents relating to any trips made by you from ninety (90) days before the crash, the date of the crash, and thirty (30) days after the crash, whether for your employer or any other person or entity.

72.   Any and all documents relating to the entire transportation cycle for all cargo on the truck at the time of the crash, including from purchase of the items to delivery to the end consumers that were to receive the deliveries, and that relate to any of the following: all motor carriers, brokers, logistics companies, drivers, and all other persons or entities involved; all payments, consideration and monies to be paid or received; all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load; and any and all other communications and documents that relate to any aspect of the transportation cycle, the delivery or receipt of goods or the origination and destination relating to the materials or goods hauled by the Defendant Driver on the date of the crash.

## ELECTRONIC DATA, SYSTEMS AND DEVICES

73.   Any and all documents showing the type, installation, location, usage, capabilities, and description of any electronic device in or on the tractor, trailer or cargo at the time of the crash.

74.   For each electronic device, if any data is available (whether or not downloaded or retrieved) color images or copies of any download, report, video, audio or other data that relates to the operation of the tractor or trailer for the thirty (30) days before, the date of the crash and seven days after.

75.   All records that show or relate to the type, model, make, serial number, phone number, name of account holder, and service provider, of any electronic device capable of communicating with people or entities outside the truck, owned or possessed by you on the date of the crash.

76.   For each communication capable electronic device applicable to the preceding request, all bills, invoices, reports or other documents showing any use of that electronic device for the 30 days before, the date of the crash and seven days after.

77.   Color copies or images of all information, data available from or downloaded from the Electronic Control Module or any other electronic device or system for the tractor and trailer being operated by you at the time of the crash.

78.     Copies of all e-mails between you and any employee, agent or representative of any other Defendant for the time period beginning 90 days prior to the crash to present.

79.     Copies of all communications and transmissions between you and any employee, agent or representative of any other Defendant that were transmitted through any electronic device on-board of the tractor or trailer involved in the crash for the period beginning 30 days before the crash and ending seven days after the crash.

**SAFETY**

80.     Any and all forms concerning this crash, and any other crashes involving you in the last ten years completed by any person or entity, and submitted to any state or federal government agency.

81.     All documents regarding any other traffic crashes, incidents or infractions committed by you prior to the date of the crash.

82.     All documents in your possession, custody or control reflecting any disciplinary actions taken or charged against you at any time while driving for the Carrier or any other entity or person for whom you drove a commercial motor vehicle.

**CRASH**

83.     Any documents relating to your point of origin (where you were coming from) and your destination (where you were going to) at the time of the crash, including all stops made that day, any deadlines or route scheduling sheets any route planning for the day of the crash.

84.     All forms, reports, checklists and other documents you have that relate to the crash, the people involved, the tractor, trailers, vehicles, equipment or cargo involved in the crash, or investigations regarding the same.

85.     Any and all accident and/or incident reports and investigations prepared by any Defendant as a result of the crash, other than the police report.

86.     Any photographs, movies, surveillance footage, security footage, and/or videotapes taken by anyone related to the crash, that reflect the scene of the

crash, the vehicles involved or of any of the parties to this cause for the day of the crash.

87. A legible color image or copy of any drawings or diagrams that reflect the scene of the crash, the vehicles involved or any of the parties to this cause.

88. A copy of the application and/or claims for benefits and/or claims for payments submitted to any insurance company for personal injuries and/or property damage to you as a result of the crash.

89. All documents regarding any other litigation or claims, including, but not limited to, any workers' compensation or property damage or personal injury claims, arising out of the crash.

90. Any documents regarding any damages or losses suffered by your employer or any other defendant as a result of the crash, including property damage or money you had to pay for damage to the person or property of someone else.

91. Accident files, records, reports or any other documents of whatever nature relating to the crash sent by, or on behalf of, any Defendant to any state or federal regulatory entity or government agency.

92. Color copies of photographs taken of the Plaintiff, any Defendant, the crash scene, or any persons or vehicles involved in the crash that purport to show any injuries and/or damages.

93. Copies of all invoices or appraisals depicting property damage to any vehicle, equipment, cargo or personal property involved in the crash.

94. Any photographs, movies and videotapes that you intend to use in any deposition taken in this cause, including any that reflect the scene of the crash, the vehicles involved in the crash or of any of the parties to this cause.

95. Any photographs, movies and videotapes that you intend to use at the trial of this cause, including any that reflect the Plaintiff, the scene of the crash or the vehicles involved.

96. Any statements, either written or recorded, made by the Plaintiff pertaining to the crash described in the First Amended Complaint.

97. All documents that set forth any facts leading up to the crash.

98. All documents that explain what caused the crash.

99. All documents assessing preventability of and/or fault for the crash.

100. All documents relating to any citations charged against you or prosecuted as a result of the crash.

101. All documents relating to any and all medical treatment or advice sought by you as a result of the crash.

102. Your entire workers' compensation file for this crash, if any.

103. Any documents regarding any appraisals of or estimates, repairs, or invoices of damage to the tractor or trailer or any items within, as a result of the crash.

104. Copies of all responses to public records requests received by you or any other Defendant regarding this crash or any party or issue in this lawsuit.

105. All documents or notations relating to or proving that you were utilizing any electronic device or other communications device while driving on the date of the crash.

106. All documents or notations relating to or proving that you were utilizing any electronic device or other communications device while driving at the time of the crash or within 30 minutes before or after the crash.

107. For the period beginning 30 days prior to the crash and ending 48 hours after the Crash produce all of the following documents in your possession if not previously provided in response to another Request:

    (a) dispatch records;
    (b) fax transmissions;
    (c) mobile radio records;
    (d) pre-rate records;
    (e) wrecker or tow truck records;
    (f) pick-up and delivery records;

(g) trip summaries;

(h) trip planning or route sheets;

(i) delivery manifests;

(j) personal or business credit card receipts;

(k) toll tickets;

(l) fuel receipts;

(m) weight tickets;

(n) fuel tax records;

(o) state entry and departure records;

(p) expense sheets;

(q) trailer interchange records;

(r) bills of lading;

(s) manifests and waybills;

(t) any inspections of you or the tractor or trailer by and state or federal D.O.T. personnel or law enforcement officer;

(u) rental or lease contracts involving the tractor and trailer; and

(v) seal records for the trailers or loads transported by you.

## TRANSPORTATION CYCLE

108.   Dispatch records (written or electronic) indicating assignment of the truck or trailer to you and any instructions to pickup and deliver any cargo, the dates and times of pickup and delivery and any other factors related to deliveries made or to be made on the day of this crash.

109.   Any driver call-in records or other written or electronic records indicating communications between any Defendant and you on the day of the crash, including any reference to the movement of the truck, the cargo, the equipment and/or the driver on the day of this crash.

110.   All blanket or specific permits applicable to you, the load being transported at the time of the crash, or the tractor, trailer(s) or other transportation equipment being used at the time of the crash.

111.   Any and all documents not otherwise produced relating to or identifying each and every person or entity involved in any aspect of planning, logistics, negotiations, routing, scheduling, loading, unloading or delivering the load or cargo being transported in the Truck at the time of the crash for the transportation cycle.

112. Any and all documents not otherwise produced relating to the entire transportation cycle for all cargo on the truck at the time of the crash, including from purchase of the items to delivery to the end consumers that were to receive the deliveries, including motor carriers, drivers, brokers, logistics companies, and all other persons or entities involved.

113. Any and all documents not otherwise produced relating to all payments, consideration and monies owed, paid or received for any aspect of the entire transportation cycle for all cargo on the truck at the time of the crash.

114. Any and all documents not otherwise produced relating to the delivery or receipt of the materials or goods hauled by you on the date of the crash.

## OTHER PERSONS, ENTITIES AND DEFENDANTS

115. All contracts, leases, or other written agreements between you and any other persons or entities involved in this matter (including Penske and Amazon and Amazon Prime) in effect during the relevant time period, including those relating to the transportation of cargo on the Truck at the time of the crash.

116. All invoices, evidence of payments, communications and other documents exchanged or between any other persons or entities involved in this matter (including Penske and Amazon and Amazon Prime) during the relevant time period.

117. Any and all documents regarding the termination of any contracts, leases, or other written agreements between you and any other persons or entities involved in this matter (including Penske and Amazon and Amazon Prime).

118. Any and all communications regarding this crash, your safety record, or your relationship, with any third party or other named defendant in this case, including any employee, agent, attorney, expert, contractor or other representative of any other persons or entities involved in this matter (including Penske and Amazon and Amazon Prime).

119. Any joint defense or joint representation agreements between you or your attorneys and any other defendant(s) or defense attorney(s), including counsel for Penske and Amazon and Amazon Prime.

120. Copies of all receipts, delivery receipts, delivery confirmation, returns, etc. for all work performed or deliveries made for any other Defendant for the six months before and the day of the crash.

It is requested that the above document be furnished or produced on or before thirty (30) days from the date of service hereof, to Lawrence Gonzalez II, Esquire. at the offices of Morgan & Morgan, P.A., P.O. Box 4979, 20 North Orange Avenue, Suite 1600, Orlando, Florida 32801 (32802-4979).

In support of this Request To Produce, it is shown that the documents and/or materials being here requested are believed to be in the possession, custody or control of the party to whom this request is directed.  The information sought by this request is relevant to the subject matter of this action and cannot otherwise be obtained without undue hardship.  In the event that all or part of the documents, and/or materials herein requested are not in the possession or control of the above-named Defendant addressee, then the undersigned counsel further request the identity and location all persons having such possession and control.  This request is made in good faith and for the purposes herein expressed.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on **<u>April 26, 2021</u>**, the foregoing was served

upon Defendant via email to: John Moffitt Howell, Esquire, Miriam V. Sumpter-

Richard, Esquire, Fernandez Trial Lawyers, P.A., 8780-200 Perimeter Park Court,

Jacksonville, FL 32216 [Pleadings@Fernandeztl.com;

JHowell@Fernandeztl.com; MSumpter-Richard@Fernandeztl.com; KLang-

Thorbs@Fernandeztl.com].

> */s/Lawrence Gonzalez II*
> **Lawrence Gonzalez II, Esquire**
> FBN 0107175
> **Morgan & Morgan, P.A.**
> 20 N. Orange Ave., 16th Floor
> P.O. Box 4979
> Orlando, FL 32802-4979

Telephone:  (407) 418-2076
Facsimile:   (407) 572-0110
Primary email:
LGonzalez@forthepeople.com
Secondary email:
SSerrano@forthepeople.com
TSugrim@forthepeople.com
MCalixto@forthepeople.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

CORA NESBIT, AS PERSONAL          **CASE NO: 6:21-cv-389-JA-LRH**
REPRESENTATIVE OF THE
ESTATE OF MICHAEL A. BURNS,

      **Plaintiff,**

**vs.**

MECIT Z. DAYI AND
UZ AUTO TRANS LLC,

      **Defendants.**

_____/

## DEFENDANT MECIT Z. DAYI'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST TO PRODUCE

Pursuant to Plaintiff's Motion to Compel Discovery (Served 06/22/2021), Defendant Mecit Dayi, by and through his undersigned attorneys, hereby supplements his previous Responses to Plaintiff's initial Request to Produce, as follows:

1.    A copy of the OP-1 Application for Operating Authority filed with any government agency for any company or motor carrier that you have owned in whole or in part.

**RESPONSE:** Not in my possession, custody, or control.

2.    A copy of the MCS-150 forms filed with any government agency for any company or motor carrier that you have owned in whole or in part.

**RESPONSE:** Not in my possession, custody, or control.

5.    For each person, entity, truck, trailer or other transportation equipment involved in the crash, provide a complete and certified copy of the declaration pages, policy forms, endorsements, amendments or other documents for any insurance policies that you or any other Defendant had in effect at the time of the crash, whether or not you contend the policy covers or may provide coverage for the damages south by the First Amended Complaint, including for any automobile, business auto, commercial general liability, business liability, personal negligence liability, motor carrier, MCS-90 endorsement, umbrella, or excess coverage policies.

**RESPONSE:** Not in my possession, custody, or control.

11.    A legible color image or copy of both sides of any other photo identification you have (passport, TWIC card, Employee ID, Access Card) that you used or in any way relates to your work for any Defendant in this case or your ability to drive commercial motor vehicles, in the last five years.

**RESPONSE:** I would prefer to make this disclosure confidentially.

16.    A copy of all documents in your possession that relate to work you have done for any trucking company, motor carrier or other employment where you drove a commercial motor vehicle in the past seven years. This includes any documents you prepared for any trucking company and any documents you ever received from any trucking company that are still in your possession, custody or control.

**RESPONSE:** What information I have is already a part of this response.

18.    The Certificate of Defendant Driver's Road Test completed by the person(s) who tested you pursuant to 49 C.F.R. Section 391.31 and Section 316.302, Florida Statutes for the job(s) you held at the time of the crash.

**RESPONSE:** None in my possession, custody, or control.

19.    The Certificate of Record of Road Test form a prior employer that was accepted by the person(s) who hired or qualified you pursuant to 49 C.F.R. Section 391.33 and Section 316.302, Florida Statutes for the job you held at the time of the crash.

**RESPONSE:** None in my possession, custody, or control.

21.    All other logs or duty status records that you completed, time cards, time sheets, paystubs or other documents indicating the hours worked for any employer or government agency from ninety (90) days before the crash, the date of the crash, and thirty (30) days after the crash.

**RESPONSE:** None in my possession, custody, or control.

22.    Any day timer, organizer, calendar, or other document or electronic calendar that would show your business and/or personal appointments and location for the fourteen days before and the day of the crash.

**RESPONSE:** None in my possession, custody, or control.

23.    Your route sheet, delivery sheet, schedule, or other scheduling or trip planning documents, including any documents that show the order of deliveries, the items delivered, the time of delivery and any change, for the seven days before and the day of the crash.

**RESPONSE:** None in my possession, custody, or control.

24.   Any and all forms, receipts, bills of lading, or other documents used in the transportation cycle to confirm you or the Carrier's receipt and then delivery of the goods or other items being delivered for the Carrier or any other defendant for the seven days before and the day of the crash.

**RESPONSE:** None in my possession, custody, or control.

32.   All data and materials you have obtained through the FMCSA's Pre- Employment Screening Program regarding your employment or driving for any motor carriers.

**RESPONSE:** None in my possession, custody, or control.

35.   Any and all Facebook posts, instant messages, texts, tweets, snap chats, emails or other social media posts by you or on your behalf for the 72 hours before and 24 hours after the crash that relate to your location, activities, driving of any vehicle, that reference any party to this lawsuit, or that relate to this crash.

**RESPONSE:** None in my possession, custody, or control.

75.   All records that show or relate to the type, model, make, serial number, phone number, name of account holder, and service provider, of any electronic device capable of communicating with people or entities outside the truck, owned or possessed by you on the date of the crash.

**RESPONSE:** I had my Apple iPhone 8+ in the truck with me. My phone number will be released confidentially.

106.   All documents or notations relating to or proving that you were utilizing any electronic device or other communications device while driving at the time of the crash or within 30 minutes before or after the crash.

**RESPONSE:** My Verizon cell phone records for the date of the incident are attached hereto as Exhibit "A".

*(Certificate of Service on following page)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to **LAWRENCE GONZALEZ, II, ESQUIRE, and STEVEN E. NAUMAN, ESQUIRE** of Morgan & Morgan, 20 North Orange Avenue, 16th Floor, P.O. Box 4979, Orlando, Florida 32802-4979, LGonzalez@forthepeople.com, SNauman@forthepeople.com, SSerrano@forthepeople.com, TSugrim@forthepeople.com, and MCalixto@forthepeople.com; **ROBERT M. FULTON, ESQUIRE and NICOLE D.D. WALSH, ESQUIRE** of Hill Ward Henderson, 3700 Bank of America Plaza, 101 East Kennedy Boulevard, Tampa, Florida 33602, Bob.fulton@hwhlaw.com; Nicole.walsh@hwhlaw.com; Susan.phillipp@hwhlaw.com; and Anna.mukhova@hwhlaw.com, via Electronic Mail this 20th day of October, 2021.

**FERNANDEZ TRIAL LAWYERS, P.A.**

*/s/ John Moffitt Howell*
**E.T. FERNANDEZ, III, ESQUIRE**
Florida Bar No.:  371556
ET@FernandezTL.com
**JOHN MOFFITT HOWELL, ESQUIRE**
Florida Bar No.:  243027
JHowell@Fernandeztl.com
8780-200 Perimeter Park Court
Jacksonville, Florida 32216
Phone: (904) 398-8008
Fax:  (904) 398-0332
Attorneys for Defendants

*The following e-mail addresses are only for e-mail service pursuant to Fla. R. Civ. Pro. 1.080:*
Primary: Pleadings@Fernandeztl.com
Secondary:JHowell@Fernandeztl.com
    KLang-Thorbs@Fernandeztl.com

# EXHIBIT "A"

# verizon$^{\checkmark}$

Billing period
May 26, 2020 - Jun 25, 2020
Account number

# Lutfiye Dayi

IPhone 8 Plus

## Talk activity (cont.)

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|------|------|--------|-------------|-------------|------|-----------------|------------------|-------|
| Jun 9 | 3:44 PM | | Davenport, FL | Incoming, CL | 140 | -- | -- | -- |
| Jun 10 | 3:02 PM | | Davenport, FL | Incoming, CL | 1 | -- | -- | -- |
| Jun 10 | 3:22 PM | | Davenport, FL | Incoming, CL | 25 | -- | -- | -- |
| Jun 10 | 6:07 PM | | Orlando, FL | Incoming, CL | 1 | -- | -- | -- |
| Jun 10 | 6:52 PM | | Kissimmee, FL | Allentown, PA | 12 | -- | -- | -- |
| Jun 11 | 11:51 AM | | Orlando, FL | Incoming, CL | 1 | -- | -- | -- |
| Jun 13 | 12:35 PM | | Daytona Be. FL | Incoming, CL | 4 | -- | -- | -- |
| Jun 13 | 3:28 PM | | Jacksonvil, FL | Incoming, CL | 113 | -- | -- | -- |
| Jun 14 | 11:30 PM | | Saluda, NC | Allentown, PA | 1 | -- | -- | -- |
| Jun 14 | 11:44 PM | | Hendersonv, NC | Incoming, CL | 2 | -- | -- | -- |
| Jun 15 | 2:24 PM | | Inman, SC | Incoming, CL | 30 | -- | -- | -- |
| Jun 15 | 3:03 PM | | Roebuck, SC | Incoming, CL | 3 | -- | -- | -- |
| Jun 16 | 9:51 AM | | Ormond Bea, FL | Toll-Free, CL | 5 | -- | -- | -- |
| Jun 16 | 12:51 PM | | Port Saint, FL | Eatontown, NJ | 1 | -- | -- | -- |
| Jun 16 | 12:52 PM | | Port Saint, FL | Eatontown, NJ | 1 | -- | -- | -- |
| Jun 16 | 12:56 PM | | Port ST Lu, FL | Eatontown, NJ | 47 | -- | -- | -- |
| Jun 17 | 12:07 PM | | Miami Gard, FL | Incoming, CL | 1 | -- | -- | -- |
| Jun 17 | 9:56 PM | | Opa Locka, FL | Incoming, CL | 1 | -- | -- | -- |
| Jun 18 | 2:06 AM | | Edgewater, FL | Incoming, CL | 5 | -- | -- | -- |
| Jun 18 | 2:13 AM | | Edgewater, FL | Incoming, CL | 2 | -- | -- | -- |
| Jun 18 | 2:17 AM | | Edgewater, FL | Incoming, CL | 1 | -- | -- | -- |
| Jun 18 | 2:22 AM | | Edgewater, FL | Incoming, CL | 2 | -- | -- | -- |
| Jun 18 | 2:20 AM | | Edgewater, FL | Incoming, CL | 3 | -- | -- | -- |
| Jun 18 | 2:40 AM | | Edgewater, FL | Incoming, CL | 5 | -- | -- | -- |
| Jun 18 | 2:55 AM | | Edgewater, FL | Incoming, CL | 4 | -- | -- | -- |
| Jun 18 | 3:20 AM | | Edgewater, FL | Incoming, CL | 2 | -- | -- | -- |
| Jun 18 | 3:43 AM | | Edgewater, FL | Incoming, CL | 1 | -- | -- | -- |
| Jun 18 | 3:49 AM | | Edgewater, FL | Incoming, CL | 2 | -- | -- | -- |
| Jun 18 | 4:24 AM | | Edgewater, FL | Incoming, CL | 4 | -- | -- | -- |
| Jun 18 | 5:54 AM | | Edgewater, FL | Incoming, CL | 5 | -- | -- | -- |
| Jun 18 | 6:05 AM | | Edgewater, FL | Grafton, OH | 2 | -- | -- | -- |
| Jun 18 | 8:11 AM | | Edgewater, FL | Incoming, CL | 3 | -- | -- | -- |
| Jun 18 | 8:30 AM | | Edgewater, FL | Grafton, OH | 2 | -- | -- | -- |
| Jun 18 | 9:08 AM | | Edgewater, FL | Incoming, CL | 2 | -- | -- | -- |
| Jun 18 | 9:30 AM | | Edgewater, FL | Incoming, CL | 3 | -- | -- | -- |
| Jun 18 | 9:35 AM | | Edgewater, FL | Grafton, OH | 2 | -- | -- | -- |
| Jun 18 | 9:36 AM | | Edgewater, FL | Incoming, CL | 2 | -- | -- | -- |
| Jun 18 | 9:47 AM | | Edgewater, FL | Grafton, OH | 4 | -- | -- | -- |
| Jun 18 | 10:05 AM | | Edgewater, FL | Incoming, CL | 1 | -- | -- | -- |
| Jun 18 | 10:09 AM | | Edgewater, FL | Incoming, CL | 2 | -- | -- | -- |

9

verizon

May 26, 2020 - Jun 25, 2020

Account number

# Lutfiye Dayi

**IPhone 8 Plus**

## Talk activity (cont.)

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges | LD/Other Charges | Total |
|---|---|---|---|---|---|---|---|---|
| Jun 18 | 11:05 AM | | Edgewater, FL | Incoming, CL | 6 | -- | -- | -- |
| Jun 18 | 12:28 PM | | Edgewater, FL | Incoming, CL | 2 | -- | -- | -- |
| Jun 18 | 12:32 PM | | Edgewater, FL | Grafton, OH | 2 | -- | -- | -- |
| Jun 18 | 12:44 PM | | Edgewater, FL | Incoming, CL | 2 | -- | -- | -- |
| Jun 18 | 1:07 PM | | Edgewater, FL | Daytonabch, FL | 4 | -- | -- | -- |
| Jun 18 | 1:30 PM | | Edgewater, FL | Incoming, CL | 4 | -- | -- | -- |
| Jun 18 | 2:08 PM | | Edgewater, FL | Grafton, OH | 1 | -- | -- | -- |
| Jun 18 | 2:09 PM | | Edgewater, FL | Grafton, OH | 3 | -- | -- | -- |
| Jun 18 | 2:24 PM | | Edgewater, FL | Daytonabch, FL | 6 | -- | -- | -- |
| Jun 18 | 2:29 PM | | Edgewater, FL | Incoming, CL | 5 | -- | -- | -- |
| Jun 18 | 2:54 PM | | Ormond Bea, FL | Incoming, CL | 6 | -- | -- | -- |
| Jun 18 | 3:12 PM | | Daytona Be, FL | Incoming, CL | 1 | -- | -- | -- |
| Jun 18 | 4:28 PM | | Daytona Be, FL | Vermilion, OH | 1 | -- | -- | -- |
| Jun 18 | 7:38 PM | | Haslings, FL | Incoming, CL | 2 | -- | -- | -- |
| Jun 18 | 8:23 PM | | Jacksonvil, FL | Grafton, OH | 2 | -- | -- | -- |
| Jun 19 | 1:28 PM | | Charlotte, NC | Grafton, OH | 1 | -- | -- | -- |
| Jun 19 | 1:29 PM | | Charlotte, NC | Vermilion, OH | 30 | -- | -- | -- |
| Jun 19 | 1:58 PM | | Charlotte, NC | Grafton, OH | 37 | -- | -- | -- |
| Jun 19 | 2:35 PM | | Charlotte, NC | Vermilion, OH | 3 | -- | -- | -- |
| Jun 19 | 3:27 PM | | Charlotte, NC | Incoming, CL | 1 | -- | -- | -- |
| Jun 19 | 3:49 PM | | Charlotte, NC | Incoming, CL | 8 | -- | -- | -- |
| Jun 20 | 2:07 PM | | Allentown, PA | Patchogua, NY | 1 | -- | -- | -- |
| Jun 20 | 2:52 PM | | Allentown, PA | Incoming, CL | 16 | -- | -- | -- |
| Jun 20 | 5:05 PM | | Allentown, PA | Incoming, CL | 4 | -- | -- | -- |
| Jun 21 | 10:26 AM | | Allentown, PA | Incoming, CL | 11 | -- | -- | -- |
| Jun 22 | 9:04 AM | | Allentown, PA | Allentown, PA | 8 | -- | -- | -- |
| Jun 22 | 9:11 AM | | Allentown, PA | Catasauqua, PA | 5 | -- | -- | -- |
| Jun 22 | 11:40 AM | | Allentown, PA | Allentown, PA | 4 | -- | -- | -- |
| Jun 22 | 12:03 PM | | Allentown, PA | Toll-Free, CL | 30 | -- | -- | -- |
| Jun 22 | 12:45 PM | | Allentown, PA | Emmaus, PA | 14 | -- | -- | -- |
| Jun 22 | 1:02 PM | | Whitehall, PA | Incoming, CL | 7 | -- | -- | -- |
| Jun 22 | 1:26 PM | | Allentown, PA | Toll-Free, CL | 6 | -- | -- | -- |
| Jun 22 | 1:35 PM | | Allentown, PA | Toll-Free, CL | 5 | -- | -- | -- |
| Jun 22 | 2:53 PM | | Whitehall, PA | Incoming, CL | 14 | -- | -- | -- |
| Jun 22 | 3:07 PM | | Whitehall, PA | Phildphan2, PA | 12 | -- | -- | -- |
| Jun 22 | 6:14 PM | | Whitehall, PA | Incoming, CL | 2 | -- | -- | -- |
| Jun 22 | 6:18 PM | | Allentown, PA | Grafton, OH | 6 | -- | -- | -- |
| Jun 23 | 12:27 PM | | Allentown, PA | Incoming, CL | 3 | -- | -- | -- |
| Jun 23 | 12:30 PM | | Allentown, PA | Allentown, PA | 5 | -- | -- | -- |
| Jun 23 | 1:42 PM | | Allentown, PA | Grafton, OH | 9 | -- | -- | -- |